**Zhao Chun CHEN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Alberto R. Gonzales,[1] Respondent.**

**No. 04–1818–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

---

1. Pursuant to Fed. R.App. P. 43(c)(2), Alberto R. Gonzales, the current Attorney General, is automatically substituted for John Ashcroft, who was originally named as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, David D. Buvinger, Assistant United States Attorney, Chicago, Illinois, for Respondent.

Present: Hon. Chester J. STRAUB, Hon. Rosemary S. POOLER, and Hon. Sonia SOTOMAYOR, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner Zhao Chun Chen ("Chen"), a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), dated March 22, 2004, affirming the decision of the Immigration Judge ("IJ"). The IJ rejected the petitioner's applications for asylum and withholding of removal under the Immigration and Nationality Act of 1952, see 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ordinarily, this Court reviews the order of the BIA rather than that of the IJ. *Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir.2002). However, where, as here, the BIA issues a short opinion that primarily adopts the IJ's decision, we review the IJ's decision rather than the BIA's. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

The IJ correctly concluded that petitioner did not establish entitlement to asylum. Chen's claim, essentially, is that she fears persecution because she refuses to marry a well-connected man from her village. While we sympathize with Chen's situation, it is not persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion," so as to establish eligibility for asylum under 8 U.S.C. 1101(a)(42). Although Chen testified that her parents were persecuted under the one-child policy, Chen did not establish a connection between her parents' situation and her own predicament. Finally, Chen's argument that her refusal to marry this man will be construed as a political opinion and will lead to future persecution under the one-child policy is simply too tenuous, given that Chen is currently unmarried and childless and has never had any run-ins with family planning officials.

For these same reasons, the IJ properly concluded that Chen could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales*, 331 F.3d at 306. Lastly, because Chen has not challenged in this Court, nor in the BIA, the IJ's denial of her application for CAT relief, she has waived any challenge to that portion of the BIA's order. *See, e.g., Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005) (noting that CAT claim was waived because it was not discussed in the appellate brief).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review, and motion for stay, are therefore DENIED.